IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **DOUGLAS B. HACKETT**, <br><br> Plaintiff, <br><br> v. <br><br> **BAYVIEW LOAN SERVICING, LLC; BAC HOME LOANS SERVICING, LP F/K/A COUNTRYWIDE HOME LOANS SERVICING LP, its successors in interest and/or assigns; JUDGE RICARDO J. MENCHACA; JUDGE DANIELLE J. HUNSAKER; JUDGE D. CHARLES BAILEY; SHANNON K. CALT; JOHN DOES 1-20; JANE DOES 1-20; DOE CORPORATIONS 1-20; DOE ENTITIES 1-20; and DOE GOVERNMENTAL UNITS 1-20.** <br><br> Defendants. | Case No. 3:19-cv-00635-AC <br><br> **ORDER** |

Douglas B. Hackett, Post Office Box 171, Captain Cook, Hawaii 96704. Plaintiff *pro se*.

Nathan F. Smith, Malcolm & Cisneros, A Law Corporation, 2112 Business Center Drive, Second Floor, Irvine, California 92612. Attorney for Defendant Bayview Loan Servicing, LLC.

**IMMERGUT, District Judge.**

On February 18, 2020, Magistrate Judge John V. Acosta issued his Findings and Recommendation (F&R), recommending that this Court grant the motion to dismiss (ECF 6) filed by Defendant Bayview Loan Servicing, LLC. ECF 35. Judge Acosta further recommended that this Court dismiss, sua sponte, the claims against the other defendants and dismiss Plaintiff's complaint with prejudice. *Id.* No party filed objections. Having reviewed the F&R and the parties' briefing, this Court adopts the F&R as explained in this order.

## LEGAL STANDARD

Under the Federal Magistrates Act ("Act"), as amended, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party objects to a magistrate judge's F&R, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* But the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc). Nevertheless, the Act "does not preclude further review by the district judge, sua sponte" whether de novo or under another standard. *Thomas*, 474 U.S. at 154.

## DISCUSSION

The F&R identified multiple reasons for dismissing the claims and parties in Plaintiff's Revised Amended Complaint, ECF 32. After reviewing the F&R, this Court adopts its recommendations as follows.

First, Judge Acosta recommended that the Doe Defendants—John Does 1-20, Jane Does 1-20, Doe Corporations 1-20, Doe Entities 1-20, and Doe Governmental Units 1-20—be dismissed. *See* ECF 35 at 2–3. This Court agrees and adopts Judge Acosta's reasoning in full.

*See id.* Because Plaintiff previously dismissed an action against Doe defendants based on the same claim, *see id.* at 3 n.1,[1] the Doe Defendants are dismissed with prejudice. *Cf.* Fed. R. Civ. P. 41(a)(1)(B).

Second, Judge Acosta recommended granting Defendant Bayview's motion to dismiss and dismissing the claims against it on the grounds of res judicata and the *Rooker-Feldman* doctrine. ECF 35 at 20–28. This Court agrees and adopts this section of the F&R in full. *See id.* Plaintiff's claims against Defendant Bayview are dismissed with prejudice.

Finally, Judge Acosta recommended that Defendant BAC, the judicial defendants, and Defendant Calt either be dismissed without prejudice for lack of proper service or with prejudice on the grounds of res judicata, the *Rooker-Feldman* doctrine, and, with respect to the judicial defendants, judicial immunity. *Id.* at 3–4, 4 n.2, 28–31. This Court concludes that dismissal with prejudice is appropriate and adopts the reasoning set forth in the F&R.[2] *See id.* at 28–31. Although sua sponte dismissal in favor of a non-appearing party is only available in "limited" circumstances, the Ninth Circuit has upheld such dismissal where the non-moving party has "had a full and fair opportunity to brief and present evidence on the issues raised[.]" *Columbia Steel Fabricators, Inc. v. Ahlstrom Recovery*, 44 F.3d 800, 803 (9th Cir. 1995). Furthermore, Plaintiff

---

[1] Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice of documents filed by Plaintiff in a separate case before Judge Acosta and Judge Brown. *See* First Am. Compl., *Hackett et al. v. Bayview Loan Servicing, LLC et al.*, No. 3:16-cv-01335-AC (D. Or. Nov. 30, 2016), ECF 37; Mot. to Withdraw Compl., *Hackett*, No. 3:16-cv-01335-AC (D. Or. Jan. 30, 2017), ECF 46.

[2] The F&R contains some references to "judicial estoppel." ECF 35 at 2, 20, 31. Judicial estoppel is a common-law doctrine under which a party cannot assert inconsistent positions in multiple proceedings. *See New Hampshire v. Maine*, 532 U.S. 742, 749–51 (2001). This Court understands the F&R's mentions of "judicial estoppel" to refer to its discussion of judicial immunity. *See* ECF 35 at 29–30. Accordingly, the F&R's references to "judicial estoppel" are modified to refer to "judicial immunity."

PAGE 3 – ORDER

did not file objections to Judge Acosta's F&R, which put him on notice that his claims against BAC, the Judges, and Calt were susceptible to dismissal.

## CONCLUSION

Defendant Bayview's motion to dismiss, ECF 6, is GRANTED. Plaintiff's Revised Amended Complaint (ECF 32), including all claims against each of the defendants, is dismissed with prejudice.

**IT IS SO ORDERED**.

DATED this 13th day of March, 2020.

/s/ Karin J. Immergut
Karin J. Immergut
United States District Judge
